PD-1277-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/26/2014 3:43:29 PM
Accepted 12/29/2014 8:30:14 AM
ABEL ACOSTA
CLERK

**NO. PD-1277-14**

_____

# IN THE COURT OF CRIMINAL APPEALS
# AUSTIN, TEXAS

_____

## THE STATE OF TEXAS,

*Respondent*,

vs.

## REYES, JUAN CARLOS

*Petitioner*.

_____

Appeal from the Eighth Court of Appeals
El Paso, Texas
No. 08-12-00261-CR

County Court at Law No. 7
El Paso County, Texas
Trial Court No. 20050C17647-CC7-1

_____

## PETITIONER'S BRIEF ON THE MERITS

_____

JAMES D. LUCAS
2316 Montana Avenue
El Paso, Texas 79903
Tel: (915) 532-8811
Fax: (915) 532-8807
SBN 12658300
jlucas2@elp.rr.com

Attorney for Petitioner

## IDENTITY OF THE PARTIES AND COUNSEL

**For Petitioner/Juan Carlos Reyes:**

James D. Lucas
Appellate Counsel
2316 Montana Avenue
El Paso, Texas 79903
jlucas2@elp.rr.com

**For Respondent:**

Lily M. Strout
Asst. District Attorney
El Paso County Courthouse
500 E. San Antonio, Room 201
El Paso, Texas 79901
tdarnold@e[county.com

State Prosecuting Attorney
P.O. Box 12405
Austin, Texas 78711
information@spa.texas.gov

**Trial Court:**

County Court at Law No. 7
Hon. Thomas Spieczny
El Paso County Courthouse
500 E. San Antonio
El Paso, Texas 79901

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES AND COUNSEL........................................................i

TABLE OF CONTENTS...............................................................................ii, iii

INDEX OF AUTHORITIES.........................................................................iv, v, vi

STATEMENT OF THE CASE...............................................................................1

GROUNDS FOR REVIEW...................................................................................2

STATEMENT OF THE FACTS.............................................................................3

SUMMARY OF THE ARGUMENT.....................................................................16

ARGUMENT.......................................................................................................19

1.     The court of appeals erred in ruling that the trial court failed to identify or rely on any theory of law to support Reyes' non-*Padilla* claims when the trial court was ordered to only supplement its findings of fact and conclusions of law as to Reyes' *Padilla* claim .................................................................19

2.     The court of appeals erred in ruling that an article 11.072 writ applicant is not entitled to a ruling by the trial court on his potentially dispositive actual innocence and ineffective assistance claims.................................................24

3.     The court of appeals erred by giving binding effect to the trial court's failure to supplement its non-*Padilla* findings of fact and conclusions of law, when the court of appeals restricted the trial court to issuing *Padilla*-related supplemental findings of fact and conclusions of law...................................27

PRAYER..............................................................................................................33

CERTIFICATE OF SERVICE.............................................................................33

CERTIFICATE OF COMPLIANCE....................................................................34

APPENDIX..........................................................................................................35

# INDEX OF AUTHORITIES

**FEDERAL CASES**                                                      **PAGES**

*Castille v. Peoples*, 489 U.S. 346, 350 (1989)..............................................................26

*Keeney v. Tamayo-Reyes,* 504 U.S. 1 (1992)...........................................................25

*Padill*a *v. Kentucky*, 559 U.S. 356 (2010).........................8, 11, 12, 15-27, 28, 29, 33

*Strickland v. Washington*, 466 U.S. 668, 687,
104 S.Ct 2052, 80 L.Ed.2d 674.......................................................6, 17, 20, 28

*Townsend v. Sain*, 372 U.S. 293, at 313 (1963)..................................................25, 27

**STATE CASES**

*Clewis v. State*, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996)...............................31

*Ex Parte De Los Reyes,* 350 S.W.3d 723 (Tex.App.-El Paso 2011)........................11

*Duncan v. Evans*, 653 S.W.2d 38 (Tex.Cr.App.1983)...........................................27-28

*State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006)...........................28, 31

*State v. Duran*, 396 SW 3d 563 (Tex. Crim.App. 2013)...........................................32

*State v Elias,* 339 S.W. 3d 667,676 (Tex.Crim.App. 2011)..............20, 21, 24, 28, 31

*State v. Gobert*, 275 S.W.3d 888, 891-92 & n. 13 (Tex.Crim.App.2009)...............31

*Wright v. State*, 981 S.W.2d 197, 201 (Tex. Crim. App. 1998).............................31

**RULES**

28 U.S.C. § 2254(b)....................................................................................26, 27

TEX. CODE CRIM. PROC. § 11.072......................................................1, 8, 15, 19, 24

**OTHER**

Violence Against Women Act (VAWA)..................................................................8

## STATEMENT OF THE CASE

Petitioner Juan Carlos Reyes challenges the correctness of the court of appeals' decision to reverse the trial court's order which granted Reyes' relief on his article 11.072 writ application. The trial court held an evidentiary hearing on July 19, 2012 and heard argument on the writ application on August 2, 2012. *RR 2, at 5-191*; *RR 3, at 12-35*. After hearing argument on August 2, 2012, the trial court took the matter under advisement. *RR 3, 33-35*. On August 6, 2012, the trial court signed the written order granting Reyes relief on his application for writ of habeas corpus, and as part of that written order, issued findings of fact and conclusions of law. *CR 130-132*. On August 7, 2012, the trial court entered another written order vacating Reyes' misdemeanor Assault-Family Violence conviction. *CR 129*. The State timely filed its notice of appeal of the trial court's order granting Reyes' relief on his article 11.072 application or writ of habeas corpus. *CR 136-137*. After briefing, the court of appeals reversed the trial court's order in a judgment accompanied by a written opinion issued on June 30, 2014. The court of appeals on August 13, 2014 overruled Reyes' motion for rehearing filed on July 30, 2014. This petition for discretionary review follows.

# GROUNDS FOR REVIEW PRESENTED

1. The court of appeals erred in ruling that the trial court failed to identify or rely on any theory of law to support Reyes' non-*Padilla* claims when the trial court was ordered to only supplement its findings of fact and conclusions of law as to Reyes' *Padilla* claim

2. The court of appeals erred in ruling that an article 11.072 writ applicant is not entitled to a ruling by the trial court on his potentially dispositive actual innocence and ineffective assistance claims

3. The court of appeals erred by giving binding effect to the trial court's failure to supplement its non-*Padilla* findings of fact and conclusions of law, when the court of appeals restricted the trial court to issuing *Padilla*-related supplemental findings of fact and conclusions of law

## STATEMENT OF FACTS

On February 14, 2006, Petitioner Reyes, a lawful permanent resident alien of the United States, briefly met his court-appointed attorney at the arraignment pretrial for the first time. *CR 120.* The attorney appointed to represent Reyes was appointed that same day. *Id.* The attorney appointed to represent Reyes did not discuss the merits of the case with Reyes at the arraignment, but arranged instead to meet with Reyes on March 16, 2006. *Id.* On that date, Reyes court-appointed trial counsel scheduled Reyes' case for a guilty plea. *Id.* On March 30, 2006, Reyes appeared for the guilty plea hearing and was presented with a written plea agreement offer made by the State's prosecuting attorney: In exchange for Reyes' plea of guilty to the offense of Assault Family Violence, Reyes was required to agree to be sentenced to 365 days in jail and assessed a $1,000.00 fine, with half the fine and all of the jail term suspended, provided that Reyes completed a 12 month term of community supervision. *Id.*

Based on his trial counsel's recommendation that Reyes accept the plea bargain offer, Reyes entered a plea of guilty and was sentenced by the trial court in accordance with the written plea bargain agreement made by the State. *Id.* The criminal information to which Reyes entered a guilty plea alleged in pertinent part that on or about the 5th day of September, 2005, Applicant Reyes did then and there

intentionally, knowingly, and recklessly cause bodily injury to Hilda Maldonado by (Paragraph A) pushing her about the body with his hand and by (Paragraph B) striking her about the head with his hand. *CR 120-121*.

Reyes' trial counsel did not inform Reyes of the State's burden of proof concerning the offense charged or explain to Reyes what elements of the offense the State would have to prove to convict him of the assault offense alleged in the criminal information. *Id*. Reyes' trial counsel also failed to inform Reyes that "bodily injury" was an element of the offense and what evidence would be needed to prove that Hilda Maldonado suffered bodily injury. *Id*. In addition, Reyes' trial counsel failed to advise Reyes of what legal defenses were available to him. *Id*. Specifically, Reyes' trial counsel failed to discuss with Reyes the law of self-defense and how it might apply under the facts of the case. *Id*. Nor did Reyes' trial counsel attempt to ascertain Reyes' version of the facts regarding the incident upon which the assault charge was based or inquire of Reyes whether there were any witnesses to the incident who might be able to provide favorable testimony for Reyes. *Id*.

Reyes' court-appointed trial counsel spent less than about 10 minutes discussing the case with Reyes, which focused on only whether Reyes should enter a plea of guilty to the assault charge. *Id*. In discussing with Reyes, trial counsel appointed to represent Reyes recommended that he enter a plea of guilty to the Class

"A" assault/Family violence charge. *Id.* Reyes believed his trial counsel knew what was best for him and therefore he agreed to follow his trial counsel's recommendation. *Id.* On the date of his guilty plea, Reyes was 26 years of age, had lived in the United States continuously since about 9 years of age and was the father of three United States children, all of whom lived in the United States. *Id.* Before Reyes entered a plea of guilty to the Class "A" assault charge, his trial counsel failed to advise him of the immigration consequences of entering a guilty plea to the assault charge. More particularly, Applicant Reyes' trial counsel failed to inform Reyes that by pleading guilty to a 365 day jail sentence to the offense of Class "A" Assault, with a family violence finding, would subject him to removal from the United States. *Id.*

Reyes asserted in his sworn writ application that if his trial counsel had asked Reyes to provide his version of the facts, he would have stated that he ceased living with Hilda Maldonado (hereinafter "Maldonado") approximately a month before the September 5, 2005 incident which resulted in his arrest for Assault-Family Violence upon learning that Maldonado had commenced an affair with another man. *CR 121-122.* Reyes further asserted that after leaving Maldonado at the 5832 Harrison Street address, Reyes moved in with Hector Garcia, his cousin, at an address on Ivanhoe Street in the east central part of El Paso and that on the date of the incident, Reyes had picked up his children at the Harrison address and taken them to the Ivanhoe

residence, so that they could go swimming in his cousin's pool. *Id*. While there, Maldonado showed up un-announced and was let into the residence by Reyes' cousin, Hector Garcia. Maldonado walked into the residence and confronted Reyes in the kitchen, where she immediately began yelling at Reyes for walking out on her with their three children and ending their relationship. *Id*. Maldonado also slapped Reyes three or four times and begged him to "hit" her. *Id*. This aggressive conduct by Maldonado was witnessed both by Juan Carlos Reyes, Jr. and by Angel Reyes, their two children. At the time, Juan Carlos Reyes was 10 years of age, and Angel was 7 years of age. *Id*. A witness to Maldonado's aggressive behavior was Reyes' cousin, Hector Garcia, who not only recalls that Maldonado was the aggressor, but that she attempted to make Reyes' hit her. *Id*.

To prevent the situation from escalating, Reyes pushed Maldonado out of the way so that he could exit the residence. *Id*. Reyes asked and was given permission by Hector Garcia to use his vehicle to leave the residence. *Id*. At no point in the encounter did Reyes inflict bodily injury on Maldonado, although he sustained bodily injury from being slapped, without justification, several times by Maldonado. *Id*. His decision to push Maldonado was purely an act of self-defense, which became necessary after the assault she had initiated against him got out of hand and became violent. *Id*.

Reyes further asserted in his writ application that the State could produce no photographs which showed that Maldonado was physically injured. *Id.* Reyes further asserted that he did not understand the law of self-defense before he entered a plea of guilty to the assault charge. *Id.* Reyes did not realize that pursuant to Section 9.31 of the Texas Penal Code he was justified in using force when and to the degree necessary to repel Maldonado's use or attempted use of unlawful force against him. *Id.* If he had known of this legal defense, Reyes asserted in his writ application that he would have never entered a plea of guilty to the assault charge pending against him, but would have instead insisted upon a jury trial at which he would have testified that he only used such force as was necessary to protect himself against the assault Maldonado initiated against him. *Id.*

At the time of his guilty plea, Reyes did not realize that a plea to the Texas misdemeanor offense of Class "A" Assault, family violence would subject him to removal from the United States because this conviction represented a crime of moral turpitude under the Immigration & Nationality Act. *CR 123.* Reyes also asserted in his writ that he had no idea that a plea to this offense would carry adverse immigration consequences and that it would subject him to deportation or removal from the United States. *Id.* Further, at the time of his guilty plea, Reyes had never entered a guilty plea to or been found guilty of any felony offense. *Id.* Nor had he

ever pled guilty to or been convicted of any other offense which would subject him to deportation or removal from the United States. *Id*. Reyes asserted in his writ application that he would never have entered the guilty plea to the Class "A" assault/family violence charge had he known that it carried potential adverse immigration consequences. Instead, he asserts that he would have insisted upon a jury trial of this charge. *Id*.

On the date of the alleged incident in which Reyes is alleged to have committed the assault offense, Maldonado was not a legal permanent resident alien of the United States. *Id*. After Reyes left her, the only way Maldonado could acquire legal residence was through the Violence Against Women Act (VAWA). *Id*. However, Maldonado's motive to pursue relief under this Act was never investigated by Reyes' trial counsel. *Id*. Since the incident, Maldonado has become a permanent residence through the VAWA. *Id*. Prior to pleading guilty to the assault charge, Reyes' trial counsel failed to inform Reyes of VAWA and of the fact that the benefit conferred under this Act provided a motive for Maldonado to insist that Reyes "hit" her on the date of the incident, as being the victim of an act of violence would and did protect Maldonado from now having to face the prospect of deportation or removal. *Id*.

Apart from alleging a *Padilla v. Kentucky* claim, Reyes asserted the following additional claims in this article 11.072 writ application: "2. Trial counsel's failure to

conduct an independent investigation of the facts of the case deprived Reyes of effective assistance of counsel since at least three witnesses to the assault could have provided testimony establishing that it was Hilda Maldonado who assaulted Reyes and that Reyes' conduct was justified under the law of self defense; "3. Trial counsel's failure to advise Reyes concerning the law of 'self defense' deprived Reyes of effective assistance of counsel since Reyes would not have otherwise pled guilty to the Class 'A' assault charge"; and "4. Applicant Reyes' guilty plea should be vacated and set aside because it was not knowingly and intentionally made." *CR 36-41.*

At the conclusion of the evidentiary hearing on Reyes' writ application, the trial court granted relief on Reyes' writ application and supplied, *sua sponte*, the following findings of fact and conclusions of law:

**Findings of Fact**

1.      The Defendant, Juan Carlos Reyes, was born on March 10, 1980. *CR 130.*[1]

2.      He has lived continuously in the United States since he was nine years old and has been a lawful permanent resident. *Id.*

3.      There is no evidence of any criminal history other than this particular case. *Id.*

---

[1]Appellee Reyes omits the trial court's reference to the evidentiary source of its findings of fact in setting out its findings of fact.

4. The Defendant is the father of three children, all born in the United States. *Id.*

5. In the present case, the Defendant was charged with Assault Family Violence because of an incident occurring on or about September 5, 2005. *Id.*

6. The incident occurred at the home of Defendant's cousin Hector Garcia, when the Defendant's wife (or ex-wife) Hilda Maldonado arrived and a confrontation arose between Ms. Maldonado and the Defendant. *Id.*

7. Portions, but not the entirety, of that confrontation were witnessed or overheard by Mr. Garcia and at least two of the Defendant's child (Juan Carlos Reyes, Jr., then ten years old and Angel, then seven years old). *Id.*

8. There is nothing in the Court's file to indicate that witness statements were ever obtained from these individuals and they testified that they did not speak with the police. However, there is a supplemental report of Officer 3325 indicating a conversation with Mr. Garcia wherein he recounted observing some mutual pushing but stated that he did not want to be involved. *Id.*

9. The same supplement report indicates photos of the complaining witness were taken. However, no photos were presented in the Habeas Proceeding. *CR 131.*

10. The testimony of Mr. Garcia and the children (who admittedly did not see everything and who naturally have a motive to support the Defendant) support a finding that Ms. Maldonado was the aggressor and that the Defendant merely placed his hands on her to try and get past her to leave. *Id.*

11. The criminal charge against the Defendant was resolved quickly. He met his court-appointed lawyer at this arraignment/pretrial on February 14, 2006. He had a second meeting on March 16, 2006,

and entered a guilty plea on March 30, 2006. It appears from the Court's file that the Plea recommendation which formed the basis of the plea was also prepared on March 30, 2006. *Id.*

12. The Defendant now claims that his trial counsel did not advise him of the immigration consequences and did not advise him that his plea would subject him to removal from the United States. *Id.*

13. The Defendant did sign plea papers which contain standard "boiler plate" language which states:

    "I further understand that in the event I am not a citizen of the U.S.A., my plea of guilty may result in deportation, exclusion from admission to the U.S.A. or denial of naturalization under federal law." *Id.*

14. Neither the Defendant nor the State called the Defendant's trial counsel to testify. No affidavit from her was presented. No transcript of anything stated at the time of the guilty plea was submitted. The Court takes judicial notice of the normal practice of El Paso County to not make a record of misdemeanor pleas. *Id.*

## Conclusions of Law

1. The Supreme Court decision of Padilla v. Kentucky, 30 S. Ct 1473 (2010) eliminates all ambiguity and holds that a Defendant must be given a full complete explanation of immigration consequences in order for a plea to be voluntarily entered. *Id.*

2. Texas Courts apply Padilla retroactively. Ex Parte De Los Reyes, 350 S.W.3d 723 (Tex. App.–El Paso 2011); ... *Id.*

3. Merely stating that a guilty plea "may" have immigration consequences does not meet the Padilla requirements. Unless the law is ambiguous, a Defendant must definitely be advised of deportation or removal consequences, Aguilar v. State, supra. *CR 132.*

4. The only evidence before the Court concerning the admonition of potential immigration consequences is the boiler plate sentence in the plea papers and the Defendant's written sworn testimony. *Id.*

...

6. The Defendant was prejudiced because he would not have plead guilty had he known of the deportation/removal consequences and because he has plausible defenses to the underlying charge which, if believed by a jury, could result in an acquittal. *Id.*

On January 31, 2013, the "State's Motion to Abate the Appeal and Remand the Case to the Trial Court for Supplemental Findings of Fact and Conclusions of Law" was filed. This motion was not served on the trial court. *Clerk's Supplemental Record, 8.* With regard to Reyes' non-*Padilla* claims, the State identified on page 7 of its motion to abate four findings of fact which it stated were not, but needed to be made by the trial court in connection with the prejudice prong of Reyes' ineffective assistance writ allegations. (See p. 7 of the State's motion to abate on file with this Court). These findings consisted of the following:

* But the trial court failed to make specific fact findings that Reyes attested that he would have pleaded not guilty and would have insisted on trial and that the trial court found those attestations to be credible. *Id.*

* There are, in fact, no factual findings that support the trial court's conclusion that Reyes would have pled not guilty had he known of the immigration consequences of doing so. *Id.*

* There are, in fact, no factual findings that support the trial court's conclusion that Reyes would have pled not guilty had he known of the

immigration consequences of doing so. *Id.*

\* The trial court also failed to make specific findings and conclusions addressing and resolving the State's argument that any decision by Reyes to reject the plea bargain and proceed to trial would not have been objectively rational. *Id.*

In its motion to abate, the State did not identify any specific findings of fact relating to the deficiency prong of Reyes' ineffective assistance claims which needed to be addressed. (See pp. 1-7 of the motion to abate on file with this Court). Its motion also does not purport to identify every finding of fact and conclusion of law which it believes the trial court needs to address. *Id.*

On February 14, 2013, this Court entered an order granting the State's motion to abate and remanding the case to the trial court so that it could provide "missing findings of fact and conclusions of law." Apart from granting the State's motion, the court of appeals' supplementation order failed to identify what findings of fact and/or conclusions of were missing and need to be supplied by the trial court.

On April 29, 2013, the trial court filed a document captioned "SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW" (*Clerk's Supplemental Record, 8-9*) which stated in relevant part:

On August 6, 2012, this Court filed Findings of Fact and Conclusions of Law. On January 20, 2013, the State filed a Motion which requested Supplemental Findings of Fact and Conclusions of Law. That Motion was not served on this Court. Having recently learned of the Motion, the Court now supplements its prior Findings and Conclusions:

Page 13

## Supplemental Finding of Fact #1

The Court makes the finding that Juan Carlos Reyes was not advised that a guilty plea would subject him to deportation. This Finding is based upon the affidavit which the Court finds to be completely credible on this issue. It is also based on timing of events set out in the original Finding of Fact #11. Therefore, the Court finds that neither defense counsel, nor the assistant District Attorney, nor the Judge who heard the plea properly admonished the Defendant about deportation. *Clerk's Supplemental Record, 8.*

## Supplemental Finding of Fact #2

The Court further finds that the Defendant would absolutely positively NOT have plead guilty if he had been advised that doing so would lead to deportation. This finding is based on the fact that nobody other than an appellate lawyer straining to concoct an argument could conceivably choose deportation and permanent banishment from the United States rather than face the risk of a misdemeanor prosecution (See Supplemental Finding #3). *Clerk's Supplemental Record, 8.*

## Supplemental Finding of Fact #3

The court rejects as utterly groundless the State's argument that rejecting the plea bargain and proceeding to trial would not have been objectively rational under the circumstances. The Court takes judicial notice of the following data received from the Office of Court Administration. In 2005 (the year of Juan Carlos Reyes' case) there were 1,684 dispositions of Assault Family Violence cases. There were 603 findings of guilt or guilty pleas and 1,081 findings of not guilty or dismissals. The guilty category included 203 cases of straight probation, 183 cases of deferred adjudication probation, and only 217 cases with jail sentences. More than half of those jail sentences were for less than 60 days. This data (which presumably has always been available to the State) totally undermines the claim that Juan Carlos Reyes had to take the plea to avoid the harsh consequences of proceeding further through the judicial process. *Clerk's Supplemental Record, 8-9.*

**Supplemental Finding of Fact #4**

Having already determined that no rational person would voluntarily choose deportation over the "risks" of pleading "not guilty," it is almost unnecessary to point out that certainly, that a father of United States citizenship children would be even less inclined to do so. The two children who testified were attractive, smart, polite and well behaved. It is TOTALLY INCONCEIVABLE that a parent would choose to be permanently separated from them rather than to face the risk of misdemeanor prosecution. *Clerk's Supplemental Record, 9.*

**Supplemental Conclusion of Law #1**

The Court's original Conclusion of Law #2 concerning the retroactive applicability of Padilla v. Kentucky must now be reconsidered in light of an intervening Supreme Court ruling....*Clerk's Supplemental Record, 9.*

In its brief to the court of appeals, the State failed to address or give any consideration to the supplemental findings of fact and conclusions of law the trial court filed in this cause, pursuant to the Order of the Court of Appeals. In the prayer of its principal brief, the State requested that Reyes' article 11.072 writ application be reversed and that Reyes' conviction be reinstated.

On page 8 of its opinion, the court of appeals provided the following justification for its determination that Reyes should be denied relief on the non-*Padilla* claims he had raised in his article 11.072 writ application:

We do not dispute the rial court made additional findings of fact that could ostensibly support Reyes's claims he was actually innocent and he received ineffective assistance because his counsel failed o conduct and independent investigation and inform him of the law of self-defense. However, it is clear from the trial court's original and supplemental conclusions of law that the trial

Page 15

court relied on the retroactive application of *Padilla* to conclude Reyes proved deficient performance under he first prong of *Strickland*. The trial court neither identified nor relied on any other theory of law to support its ruling, and under pre-*Padilla* law, Reyes's plea would not be rendered involuntary under the United States or Texas Constitutions even if his attorney failed to inform him of the immigration consequences of his plea.

## SUMMARY OF THE ARGUMENT

Reyes asserts in his first ground for review that the court of appeals' ruling that the trial court failed to identify or rely on any theory of law which supported granting Reyes relief on his non-*Padilla* claims is flawed in several respects. First, because several of the trial court's original findings of fact relate to Reyes' non-*Padilla* claims and original conclusion of law #6 states that Reyes "was prejudiced ... because he has plausible defenses to the underlying charge which, if believed by a jury, could result in an acquittal," it is evident the trial court relied at least in part on non-*Padilla* theories to vacate Reyes' conviction. Second, the court of appeals' supplementation order precluded the trial court from providing supplemental findings of fact or conclusions of law on any of Reyes' non-*Padilla* claims. The court of appeals therefore erred in drawing significance from the fact that the trial court failed to make non-*Padilla* supplemental findings of fact or conclusions of law relating to Reyes' non-*Padilla* claims. Third, the in part implied and in part express holding by the court of appeals that it could decide Reyes' potentially dispositive non-*Padilla* claims because the trial court failed to address these claims in its supplemental

Page 16

findings of fact and conclusions of law disregards this Court's well-settled precedent. According to this precedent, it is the trial courts which bear the responsibility to make findings of fact and conclusions of law which are adequate and complete and cover every potentially dispositive issue. It does not confer on the court of appeals the authority to make findings of fact or conclusions on its own.

Reyes' second ground for review focuses on the court of appeals' determination that it "was clear from the trial court's original order and supplemental conclusions of law that the trial court relied on the retroactive application of *Padilla* to conclude Reyes proved deficient performance under the first prong of *Strickland*" after it acknowledged that Reyes did assert non-*Padilla* claims "that could ostensibly support Reyes's claims he was actually innocent and he received ineffective assistance because his counsel failed to conduct an independent investigation and inform him of the law of self-defense" (See Opinion, p. 8). Reyes asserts that the court of appeals' ignored considerable evidence and several of the trial court's original findings of fact pertaining to his non-*Padilla* claims. Reyes cites to decisions of the U.S. Supreme Court and to language in a federal statute which impose on states the duty, as a matter of Due Process, to provide a full and fair hearing to writ applicants like Reyes, which reaches and decides all relevant issue of fact presented and decides the merits of any constitutional claims presented. Reyes therefore asserts

that the court of appeals exaggerated focus on his *Padilla* claim failed to provide him with a full and fair hearing of his non-*Padilla* claims.

Reyes asserts in his third ground for review that the court of appeals so far departed from the accepted and usual course of proceedings as to call for an exercise of this Court's power of supervision. Reyes argues that the court of appeals accomplished this result by restricting the trial court to making supplemental findings of fact and conclusions of law relating only to Reyes' *Padilla* claim and then ruling that the trial court's original findings of fact and conclusions of law were inadequate to support Reyes' non-*Padilla* claims; by considering the trial court's original findings of fact and conclusions of law in isolation rather than in their totality; and by abdicating its role as a reviewing court and assuming the role of trier of fact. Overall, Reyes asserts that the methodology utilized by the court of appeals in dealing with Reyes' non-Padilla claims was seriously flawed and requires that this case be remanded for further proceedings.

## ARGUMENT

**1.      The court of appeals erred in ruling that the trial court failed to identify or rely on any theory of law to support Reyes' non-*Padilla* claims when the trial court was ordered to only supplement its findings of fact and conclusions of law as to Reyes' *Padilla* claim**

The court of appeals rejected all five claims asserted in Reyes' article 11.072 writ application, to wit: his first complaint (*Padilla* complaint); his second complaint that trial counsel rendered ineffective assistance of counsel not advising him of the law of self-defense before he entered his plea of guilty; his third complaint that his trial counsel deprived him of effective assistance of counsel by not conducting an independent investigation of the facts of his case; his fourth complaint that his guilty plea was not knowingly and intentionally made; and his fifth complaint that he was actually innocent of the Assault/Family Violence charge.[2]   The court of appeals

---

[2]The non-*Padilla* grounds of Reyes' article 11.072 writ application read as follows:

"2.     Trial counsel's failure to conduct an independent investigation of the facts of the case deprived Reyes of effective assistance of counsel since at least three witnesses to the assault could have provided testimony establishing that it was Hilda Maldonado who assaulted Reyes and that Reyes' conduct was justified under the law of self defense."

"3.     Trial counsel's failure to advise Reyes concerning the law of 'self defense' deprived Reyes of effective assistance of counsel since Reyes would not have otherwise pled guilty to the Class 'A' assault charge."

"4.     Applicant Reyes' guilty plea should be vacated and set aside because it was not knowingly and intentionally made."

"5.     Applicant Reyes is actually innocent of the Class "A" assault/family violence offense of which he was convicted in this cause."

explained its refusal to address Reyes' actual innocence claim or his non-*Padilla*

ineffective assistance claims on the following rationale:

> We do not dispute the trial court made additional findings of fact that could ostensibly support Reyes's claims he was actually innocent and he received ineffective assistance because his counsel failed to conduct an independent investigation and inform him of the law of self defense. However, it is clear from the trial court's original and supplemental conclusions of law that the trial court relied on the retroactive application of *Padilla* to conclude Reyes proved deficient performance under the first prong of *Strickland*. The trial court neither identified nor relied on any other theory of law to support its ruling, and under pre-*Padilla* law, Reyes's plea would not be rendered involuntary under the United States or Texas Constitutions even if his attorney failed to inform him of the immigration consequences of his plea. (Opinion, p. 8).

The Court of Criminal Appeals has stated that when a trial court enters findings of

fact, it has an obligation to make "findings and conclusions that [are] adequate and

complete, covering every potentially dispositive issue that might reasonably be said

to have arisen in the course of the...proceedings." *State v. Elias*, 339 S.W.3d 667, 676

(Tex.Crim.App. 2011). In Reyes' case, the court of appeals granted the State's motion

for supplemental findings of fact and conclusions of law only as to Reyes' *Padilla*

claim. It accordingly agreed with the State that the original findings of fact which

were issued by the trial court *sua sponte* as to Reyes' *Padilla* claim were not adequate

and complete.[3] However, because the State did not request the court of appeals to

---

[3]The trial court's original findings of fact and conclusions of law are appended as "Exh. A." The State's motion to abate and request for supplemental findings of fact are appended as "Exh. B"; the order granting the State's motion to supplement is attached as "Exh. C;" and the supplemental findings of fact provided by the trial court are appended as "Exh D."

direct the trial court to provide supplemental findings of fact and conclusions of law as to Reyes' non-*Padilla* ineffective assistance claims or his actual innocence claim, the court of appeals did not order the trial court to make supplemental findings of fact and conclusions of law with regard to Reyes' actual innocence claim or his two non-*Padilla* ineffective assistance of counsel claims.

The court of appeals thus erred by restricting the trial court to providing supplemental findings of fact and conclusions of law only as to Reyes' *Padilla* claim.[4] This Court in *State v. Elias,* supra, established that a court of appeals must ensure that a trial court makes all findings of fact and conclusions of law which are potentially dispositive of the issue being decided by the trial court. *Id*., at 676. *Elias* further establishes that these findings of fact and conclusions of law are to be made by the trial court, not by a court of appeals. The unfairness of the court of appeals' decision in Reyes' case is thus self-evident. By vacating the trial court's judgment setting aside Reyes' conviction, the court of appeals disregarded several of the trial court's original findings of fact and a conclusion of law which supported vacating Reyes' conviction on the non-*Padilla* ineffective assistance grounds asserted by Reyes in his writ application.

---

[4]The State apparently requested supplemental findings of fact and conclusions of law as to Reyes' *Padilla* claim because the U.S. Supreme Court had not yet decided whether *Padilla v. Kentucky* should be retroactively applied on the date the State filed its principal brief.

These original findings of fact and conclusions of law reveal that the trial court did not confine itself to Reyes' *Padilla* claim in deciding to vacate Reyes' conviction. In finding of fact #6, the trial court accepted evidence presented by Reyes which established that the alleged assault occurred at the home of Reyes' cousin, Hector Garcia, which is where Reyes was residing on the date the complaining witness, Hilda Maldonado (Reyes' wife or ex-wife), un-expectantly arrived at Garcia's home and confronted Reyes in the kitchen. In finding of fact #7, the trial court determined, based on the evidence adduced at the evidentiary hearing, that portions, but not the entirety, of that confrontation were witnessed or overheard by Mr. Garcia and at least two of Reyes' children (Juan Carlos Reyes, Jr., then ten years old and Angel, then seven years old). In finding of fact #8, the trial court found that there was nothing in its file to indicate that witness statements were ever obtained from the complaining witness (Maldonado) or the other witnesses on the date of the incident. The trial court further found that these witnesses testified at the evidentiary hearing that they did not speak with the police on the date of the incident. In finding of fact #9 the trial court found that the same supplement report indicated that photos of the complaining witness were taken, but that no photos were presented in the Habeas Proceeding showing that she was injured. In finding of fact #10, the trial court stated that the testimony of Mr. Garcia and the children supported a finding that Hilda Maldonado

was the aggressor and that Reyes merely placed his hands on her to try and get past her to leave. In finding #11, the trial court found that the criminal charge against Reyes resolved quickly; that Reyes met his court-appointed lawyer at this arraignment/pretrial on February 14, 2006; that he had a second meeting with his attorney on March 16, 2006; and that Reyes entered a guilty plea on March 30, 2006 pursuant to a Plea recommendation also prepared on that date. In finding of fact #14, the trial court made a finding that Maldonado, the complaining witness, had not been called as a witness to provide testimony at the evidentiary hearing held on Reyes' article 11.072 writ application. And in conclusion of law # 6, the trial court stated that Reyes "...was prejudiced ....because he has plausible defenses to the underlying charge which, if believed by a jury, could result in an acquittal." *CR 132.*

The court of appeals therefore erred in vacating the trial court's judgment in the face of the trial court's several findings of fact and conclusion of law which supported Reyes' non-*Padilla* claims. Even if the court of appeals believed these findings of fact and conclusion of law were not adequate or complete, it was not authorized to simply ignore them and deny Reyes relief on his non-*Padilla* claims. It should have addressed the trial court's numerous original findings of fact and conclusion of law and not just ignored them. It also should not have restricted the trial court to providing supplemental findings of fact and conclusions of law which related

only to Reyes' *Padilla* claim, when findings of fact #s 6, 7, 8, 8, 10, 11, and 14, and conclusion of law #6 of the trial court's original findings of fact suggest that it had vacated Reyes' conviction at least in part on his non-*Padilla* claims.

The court of appeals accordingly disregarded the rule that a trial court must make "findings and conclusions that [are] adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the...proceedings." *State v. Elias*, 339 S.W.3d at 676. If it believed that the trial court's findings of fact and conclusions of law were inadequate and incomplete as to Reyes' non-*Padilla* and actual innocence claims, it should have remanded the case to the trial court to provide additional findings of fact and conclusions of law relating to these claims. But it should not have merely ignored the trial court's original findings of fact and conclusions of law relating to his non-*Padilla* claims. After all, it is not reasonable to believe that the trial court would provide several original findings of fact and at least one conclusion of law which supported granting his non-*Padilla* claims if there was no merit to these claims.

2. **The court of appeals erred in ruling that an article 11.072 writ applicant is not entitled to a ruling by the trial court on his potentially dispositive actual innocence and ineffective assistance claims**

The court of appeals' Opinion acknowledges that Reyes asserted an actual innocence claim with regard to the Assault/Family Violence offense of which he was

convicted. Its Opinion also acknowledges Reyes' made an ostensible showing in his writ application that he was denied effective assistance of counsel because his trial counsel failed to conduct an independent investigation of the facts and because his trial counsel had failed to inform Reyes of the law of self defense or how this defense applied to his case. The court of appeals nonetheless determined that Reyes was not entitled to relief on these non-*Padilla* claims even though the trial court addressed these claims, if not fully, at least to a great extent in its original findings of fact and conclusions of law.

There is accordingly no merit to the court of appeals' assertion in its Opinion that the trial court "neither identified nor relied on any other theory of law" [other than *Padilla*] in vacating Reyes' judgment of conviction on the Assault/Family violence charge. By refusing to address Reyes' non-*Padilla* claims, the court of appeals deprived Reyes of a full and fair hearing, and did not address all of the relevant facts and all of Reyes' constitutionally-based ineffective assistance of counsel claims. The court of appeals' analysis thus disregards the United States Supreme Court decision in *Townsend v. Sain*, 372 U.S. 293, at 313 (1963) (overruled on other grounds by *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992)), in which the United States Supreme Court recognized that "the factfinding procedure employed by the state court [must be] adequate to afford a full and fair hearing" so as to comply

with Fourteenth Amendment Due Process in that:

> [t]here cannot even be the semblance of a full and fair hearing unless the state court actually reached and decided the issues of fact tendered by the defendant· No relevant findings have been made unless the state court decided the constitutional claim tendered by the defendant on the merits." *Id*. at 313-14.

The court of appeals also disregarded the United States Supreme Court's decision in *Castille v. Peoples*, 489 U.S. 346, 350 (1989), which held, pursuant to 28 U.S.C. § 2254(b), that federal habeas review will lie where state corrective processes which are "ineffective to protect the rights of the prisoner."

The court of appeals in this case therefore erred by taking the position that the Reyes' two potentially dispositive non-*Padilla* claims need not be fully addressed by the trial court, even though several of the trial court's findings of fact and at least one conclusion of law supported Reyes' non-*Padilla* claims. Its analysis deprived Reyes of Due Process of the law under the Fourteenth Amendment by denying him a full and fair hearing as to all of his potentially dispositive claims. The record reflects that Reyes' non-*Padilla* claims were strong and that they should have been carefully addressed on appeal rather than just being skimmed over.

In fact, the evidence adduced at the evidentiary hearing of Reyes' writ application through Reyes and three other witnesses established that it was Reyes' wife, Maldonado, who was the aggressor; that Maldonado went looking for Reyes at Hector Garcia's house, where Reyes was residing so that she could confront him and

slap him several times on the face; that Maldonado begged Reyes to hit her, which he refused to do; that Reyes did not strike Maldonado or injure her in any way; and that Reyes did nothing more than push Maldonado away to protect himself and to allow him to exit his cousin's residence so that the matter did not escalate further. There was also no controverting evidence adduced by the State. Maldonado did not testify at the evidentiary hearing or provide an affidavit for purposes of this hearing.

For this reason, the court of appeals' analysis cannot be reconciled with *Townsend v. Sain*, supra, which requires that all state writ applicants be provided a full and fair hearing as to all fact and constitutional issues which need to be decided. Nor can it be reconciled with 28 U.S.C. § 2254(b), which provides that that federal habeas review will lie where state corrective processes are "ineffective to protect the rights of the prisoner." Under applicable Due Process principles, the court of appeals was not a full and fair hearing because it ignored all of Reyes' potentially dispositive non-*Padilla* claims and the several findings of fact made by the trial court which supported these claims and addressed only Reyes' *Padilla* claim.

**3.** **The court of appeals erred by giving binding effect to the trial court's failure to supplement its non-*Padilla* findings of fact and conclusions of law, when the court of appeals restricted the trial court to issuing *Padilla*-related supplemental findings of fact and conclusions of law**

The power of a trial court to act in a given case ends when the appellate record is filed in the court of appeals, except for matters concerning bond. *Duncan v. Evans*,

653 S.W.2d 38 (Tex.Cr.App.1983). A trial court's authority to provide additional findings of fact comes into existence, however, only when an appellate court abates the appeal for additional findings of fact because a party has requested findings of fact and the findings made by a trial court are so incomplete that an appellate court is unable to make a legal determination. *State v. Elias*, 339 S.W.3d 667, 674 (Tex.Crim.App. 2011)(holding that "[U]pon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings." and stating that. "[E]ssential findings" mean "findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *Id*.; *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006).

In its motion to abate and for supplemental findings, the State alleged the following factual basis as grounds for its request that the trial court should be ordered to supplement its original findings of fact and conclusions of law in deciding the merits of Reyes' appeal:

> With respect to the deficient-performance prong of the *Strickland* standard for ineffective-assistance claims, *see Strickland v. Washington*, 466 U.S. 668, 687,104 S.Ct 2052, 80 L.Ed.2d 674, the entirety of the trial court's findings that might be relevant to the issue of deficient performance reads as follows:
>
> 12.    The Defendant now claims that his trial counsel did not advise him of immigration consequences and did not

> advise him that his plea would subject him to removal from the United States....
>
> ****
>
> 14.    Neither the Defendant nor the State called the Defendant's trial counsel to testify. No affidavit from her was presented. No transcript of anything stated at the time of the guilty plea was submitted....

The entirety of the trial court's conclusions of law that might be related to the issue of deficient performance reads as follows:

> 4.    The only evidence before the Court concerning the admonitions of potential immigration consequences is the boiler plate sentence in the plea papers, and the Defendant's sworn testimony.
>
> 5.    Under *Padilla*, as applied retroactively, the Defendant was not sufficiently admonished about immigration consequences. (CR at 132) (emphasis in original).
>
> * * *
>
> The trial court's findings wholly failed to resolve disputed fact issues regarding whether trial court rendered deficient performance by failing to properly advise Reyes of the immigration consequences of his guilty plea. Specifically, the trial court failed to make findings as to whether it found Reyes's attestations to be credible, and while the trial court found that Reyes was "not sufficiently admonished," the trial court failed to specifically find that Reyes was not sufficiently advised by *trial counsel* of the immigration consequences of his guilty plea.

The court of appeals granted the State's motion for supplemental findings of fact and conclusions of law and directed the trial court to provide supplemental findings of fact and conclusions of law in accordance with the content of this motion. That is, it adopted the State's assertion in its motion that the immigration consequences Reyes

**Page 29**

faced and whether he pled guilty based on his trial counsel's failure to advise him regarding these immigration consequences represented "The entirety of the trial court's findings that might be relevant to the issue of deficient performance." The court of appeals also adopted the State's contention that "The entirety of the trial court's conclusions of law that might be related to the issue of deficient performance" was that of Reyes' *Padilla* claim.

The trial court thus complied with the court of appeals' order by providing supplemental findings of fact and conclusions of law limited exclusively to Reyes' *Padilla* claim. As the court of appeals instructed, it did not address Reyes' non-*Padilla* claim that his trial counsel failed to conduct an independent investigation of the facts or Reyes' claim that his trial counsel failed to advise him on the law of self-defense and how it applied under the facts of his case, and Reyes' actual innocence claim. Nevertheless, the court of appeals construed the trial court's failure to address Reyes' non-*Padilla* claims as a reason for concluding that the trial court had erred by setting aside Reyes' conviction on the Assault/Family Violence charge.

In other words, the court of appeals weighed and considered the trial court's failure to provide supplemental findings of fact and conclusions of law as to ineffective assistance claims which the trial court was precluded from providing. In doing so, the court of appeals so far departed from the accepted and usual course of

judicial proceedings as to call for an exercise of this Court's power of supervision. Reyes asserts that the court of appeals could not reverse the trial court's order vacating Reyes' conviction and sentence because of the trial court failure to supplement its original findings of fact and conclusions of law with findings of fact and conclusions of law it was not authorized to supplement. The analysis of the court of appeals thus disregards this Court's decisions in *State v. Elias*, 339 S.W.3d 667, 674 (Tex.Crim.App. 2011) and *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006), which recognize that a trial court must state all of its essential findings and conclusions of law in order to provide an appellate court with an adequate basis to review the trial court's application of the law to the facts.

The court of appeals further disregarded the rule in Texas that courts of appeals are not to take on the role of fact finder or consider findings of fact in a piecemeal fashion. See e.g., *State v. Gobert*, 275 S.W.3d 888, 891-92 & n. 13 (Tex.Crim.App.2009) (ruling that the trial judge's suppression ruling on an issue of historical fact was to be given almost total deference, even if the record might also support a different conclusion); *Wright v. State*, 981 S.W.2d 197, 201 (Tex. Crim. App. 1998) (holding that courts of appeals may not take on the role of fact-finder); *Clewis v. State*, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996) (ruling that appropriate balance between a trier of fact's role as Judge of facts and a reviewing court's duty

to review criminal convictions is struck by not allowing appellate court to "find" facts, or substitute its judgment for that of the trier of fact); *State v. Duran*, 396 SW 3d 563 (Tex. Crim.App. 2013) (holding that an appellate court must defer to a trial judge's factual findings which, when viewed piecemeal and in isolation, may be ambiguous, but, when read in their totality, reasonably support his legal conclusion.

The un-refuted evidence adduced by Reyes through affidavits and testimony at the evidentiary hearing established that it was Maldonado who was the aggressor and not Reyes; that Maldonado had gone looking for Reyes' at the place where he was living (with his cousin Hector Garcia) so that she could start trouble; that Maldonado stormed into Garcia's residence when allowed inside by Garcia; that Maldonado immediately confronted Reyes in the kitchen of Garcia's residence and began slapping and assaulting Reyes and yelling at him for ending their relationship; and that Reyes did nothing more than push Maldonado in self defense so that he could get around her and exit the residence without harming Maldonado. The court of appeals has thus so far departed from the accepted and usual course of proceedings by disregarding findings of fact #s 6 through 10, #11, and #14 of the trial court's original findings of fact and conclusion of law #6.

**PRAYER**

Wherefore, Petitioner Reyes respectfully requests this Court to reinstate the trial court's judgment; or alternatively, to order the court of appeals to remand the case to the trial court for supplemental findings of fact and conclusions of law as to Reyes' non-*Padilla* and actual innocence claims.

Respectfully submitted,

*/s/   James D. Lucas*

James D. Lucas
Attorney for Juan Carlos Reyes
2316 Montana Avenue
El Paso, Texas 79903
Tel. (915) 532-8811
Fax (915) 532-8807
SBN 12658300

**CERTIFICATE OF SERVICE**

This is to certify that on December 26, 2014, a true and correct copy of the Petitioner's Brief was delivered to the District Attorney, 500 E. San Antonio, El Paso, Texas 79901 and to the Prosecuting Attorney by electronic means in accordance with the Texas Rules of Civil Procedure.

*/s/   James D. Lucas*

JAMES D. LUCAS

# CERTIFICATE OF COMPLIANCE WITH RULE 9.4

This brief filed in support of thereof comply with the type-volume limitations of 9.4. The brief contain eight thousand three hundred forty one (8,341) words, excluding the parts of the brief exempted by 9.4(1); and this brief complies with the typeface requirements of 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Corel Word Perfect in Times New Roman, 14-point.

> */s/ James D. Lucas*
> James D. Lucas

# APPENDIX

EXHIBIT A.    ORIGINAL FINDINGS OF FACT (14) AND CONCLUSIONS OF LAW (7)

EXHIBIT B.    MOTION TO ABATE AND REQUEST FOR SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

EXHIBIT C.    COURT OF APPEALS ORDER

EXHIBIT D.    SUPPLEMENTAL FINDINGS OF FACT PROVIDED BY THE TRIAL COURT

EXHIBIT E.    COURT OF APPEALS OPINION AND JUDGMENT

**EXHIBIT A.  ORIGINAL FINDINGS OF FACT (14)
AND CONCLUSIONS OF LAW (7)**

## IN THE COUNTY COURT AT LAW NUMBER SEVEN
## EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| EX PARTE | § | |
| | § | |
| VS. | § | NO. 20050C17647 |
| | § | |
| JUAN CARLOS REYES | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court hereby makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. The Defendant, Juan Carlos Reyes, was born on March 10, 1980.

2. He has lived continuously in the United States since he was nine years old (Verified Writ Application, ¶10) and has been a lawful permanent resident since 2001 (Juan Carlos Reyes affidavit ¶1).

3. There is no evidence of any criminal history other than this particular case.

4. The Defendant is the father of three children, all born the United States. (Juan Carlos Reyes affidavit ¶11).

5. In the present case, the Defendant was charged with Assault Family Violence because of an incident occurring on or about September 5, 2005.

6. The incident occurred at the home of Defendant's cousin Hector Garcia, when the Defendant's wife (or ex-wife) Hilda Maldonado arrived and a confrontation arose between Ms. Maldonado and the Defendant.

7. Portions, but not the entirety, of that confrontation were witnessed or overheard by Mr. Garcia and at least two of the Defendant's children (Juan Carlos Reyes, Jr., then ten years old and Angel, then seven years old).

8. There is nothing in the Court's file to indicate that witness statements were ever obtained from these individuals and they testified that they did not speak with the police. However, there is a supplemental report of Officer 3325 indicating a conversation with Mr. Garcia wherein he recounted observing some mutual pushing but stated that he did not want to be involved.

9.   That same supplemental report indicates photos of the complaining witness were taken. However, no photos were presented in this Habeas Corpus proceeding.

10.  The testimony of Mr. Garcia and the children (who admittedly did not see everything and who naturally have a motive to support the Defendant) support a finding that Ms. Maldonado was the aggressor and that the Defendant merely placed his hands on her to try and get past her to leave.

11.  The criminal charge against the Defendant was resolved quickly. He met his court appointed lawyer at his arraignment/pretrial on February 14, 2006. He had a second meeting on March 16, 2006, and entered a guilty plea on March 30, 2006. (Juan Carlos Reyes affidavit ¶2-4). It appears from the Court's file that the Plea recommendation which formed the basis of the plea was also prepared on March 30, 2006.

12.  The Defendant now claims that his trial counsel did not advise him of immigration consequences and did not advise him that his plea would subject him to removal from the United States. (Juan Carlos Reyes affidavit ¶18)

13.  The Defendant did sign plea papers which contain standard "boiler plate" language which states:

> "I further understand that in the event I am not a citizen of the U.S.A., my plea of guilty may result in deportation, exclusion from admission to the U.S.A. or denial of naturalization under federal law."

14.  Neither the Defendant nor the State called the Defendant's trial counsel to testify. No affidavit from her was presented. No transcript of anything stated at the time of the guilty plea was submitted. The Court takes judicial notice of the normal practice in El Paso County to not make a record of misdemeanor pleas.

## CONCLUSIONS OF LAW

1.   The Supreme Court decision of Padilla v. Kentucky, 130 S. Ct. 1473 (2010) eliminates all ambiguity and holds that a Defendant must be given a full and complete explanation of immigration consequences in order for a plea to be voluntarily entered.

2.   Texas Courts apply Padilla retroactively. Ex Parte De Los Reyes, 350 S.W. 3rd 723 (Tx. App. - El Paso 2011); Ex Parte Tanklevskaya 361 S.W. 3rd 86 (Tx. App. – Houston 2011); Aguilar v. State, ____ S.W. 3rd ___, (Tx. App. 14th District) (July 10, 2012.)

3.	Merely stating that a guilty plea "may" have immigration consequences does not meet the Padilla requirements. Unless the law is ambiguous, a Defendant must be definitively advised of deportation or removal consequences. Aguilar v. State, supra.

4.	The only evidence before the Court concerning the admonition of potential immigration consequences is the boiler plate sentence in the plea papers, and the Defendant's written sworn testimony.

5.	Under Padilla, as now applied retroactively, the Defendant was not sufficiently admonished about immigration consequences.

6.	The Defendant was prejudiced because he would not have plead guilty had he known of the deportation/removal consequences, and because he has plausible defenses to the underlying charge which, if believed by a jury, could result in an acquittal.

7.	Therefore, the writ is GRANTED. The Defendant's conviction is hereby VACATED and set aside. The underlying Assault Family Violence charge is to be reinstated on the Court's trial docket and promptly scheduled for trial.

Signed and entered this __6__ day of ___A___ , 2012.



_____
TOM SPIECZNY, JUDGE



cc: James Lucas
    ADA Shrode

**EXHIBIT B. MOTION TO ABATE AND REQUEST FOR SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW**

RECEIVED

JAN 30 2013

DENISE PACHECO, CLERK
EIGHTH COURT OF APPEALS

08-12-00261-CR (4)

No. 08-12-00261-CR

IN THE
COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS

EX PARTE: JUAN CARLOS REYES

STATE'S MOTION TO ABATE THE APPEAL AND
REMAND THE CASE TO THE TRIAL COURT FOR
SUPPLEMENTAL FINDINGS OF FACT
AND CONCLUSIONS OF LAW

FILED IN
COURT OF APPEALS

JAN 30 2013

DENISE PACHECO
CLERK 8th DISTRICT

TO THE COURT OF APPEALS, EIGHTH DISTRICT OF TEXAS:

COMES NOW, the State of Texas in the above styled and numbered cause, and submits that the appeal should be abated and the case remanded to the trial court for supplemental findings of fact and conclusions of law, and would show the Court as follows:

I.     Procedural history

On March 30, 2006, Juan Carlos Reyes pleaded guilty to the offense of family-violence assault in a case styled, *The State of Texas v. Juan Carlos Reyes*, trial court cause number 20050C17647. (CR 2-3).[1] On March 2, 2012, Reyes

---

[1] Throughout this motion, references to the record will be made as follows: references to the clerk's record will be made as "CR" and page number, references to the reporters's record will be made as "RR" and volume and page number, and references to exhibits will be made as either "SX" or "DX" and exhibit number.

filed an application for writ of habeas corpus under article 11.072 of the Code of Criminal Procedure. (CR at 24-50). After hearing evidence and arguments during two writ hearings, the trial court took the matter under advisement. (RR 3 at 33-35); *see generally* (RR 2 at 5-91; (RR 3 at 12-35). On August 6, 2012, the trial court signed a written order granting Reyes relief on his application for writ of habeas corpus, and as part of that written order, issued findings of fact and conclusions of law. (CR at 130-32). On August 7, 2012, the trial court entered another written order granting Reyes relief and vacating his conviction. (CR at 129).

**II.     Because the trial court's findings and conclusions are inadequate and incomplete, this Court should remand the case and direct the trial court to supplement the record with the missing findings and conclusions.**

Section 7(a) of article 11.072 provides that if the trial court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the trial court shall enter a written order denying the application as frivolous. *See* TEX. CRIM. PROC. CODE art. 11.072 § 7(a). In all other cases, the trial court's written order granting or denying relief must include findings of fact and conclusions of law. *See* art. 11.072 § 7(a); *see also Ex parte Villanueva*, 252 S.W.3d 391, 396 (Tex.Crim.App. 2008) (holding that in all other cases where the trial court does not deny the writ

2

application as frivolous, "[t]he trial judge is required to enter findings of fact and conclusions of law along with a written order..."); *Ex parte Enriquez*, 227 S.W.3d 779, 784 (Tex.App.–El Paso 2005, pet. ref'd); *Ex parte Ali*, Nos. 03-10-00206-CR, 03-10-00207-CR, 2010 WL 5376860 at *2 (Tex.App.–Austin, Dec. 15, 2010, no pet.) (mem. op.) (not designated for publication) (holding that where the trial court does not deny the writ application as frivolous, the court's written order granting or denying relief must include findings of fact and conclusions of law).

The Court of Criminal Appeals has recently held that when a trial court enters findings of fact, it has an obligation to make "findings and conclusions that [are] adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the...proceedings." *See State v. Elias*, 339 S.W.3d 667, 676 (Tex.Crim.App. 2011). The Court of Criminal Appeals has further disapproved of the trial court's failure to make credibility determinations and the use of "weasel words" that fail to convey a straightforward historical fact:

> ...the judge stated that ...[the officer] "testified" that he stopped appellee "because she weaved within a lane a few times, veered to the right and braked erratically." Clearly, the officer "testified" to those facts; any reviewing court can read the record and see Officer Davila's testimony, but did the trial judge believe that testimony? *See State v. Mendoza*, 365 S.W.3d 666, 671 (Tex.Crim.App. 2012).

3

When a trial court fails to make findings regarding potentially dispositive fact issues, the reviewing court should remand the case and direct the trial court to supplement the record with the missing findings and conclusions. *See Elias*, 339 S.W.3d at 676-77. In this case, the trial court failed to make findings regarding potentially dispositive fact issues, failed to make essential credibility determinations, and used "weasel words" that failed to convey straightforward facts that support its ruling.

With respect to the deficient-performance prong of the *Strickland* standard for ineffective-assistance claims, *see Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the entirety of the trial court's findings that might be relevant to the issue of deficient performance reads as follows:

> 12. The Defendant now claims that his trial counsel did not advise him of immigration consequences and did not advise him that his plea would subject him to removal from the United States....
>
> \* \* \*
>
> 14. Neither the Defendant nor the State called the Defendant's trial counsel to testify. No affidavit from her was presented. No transcript of anything stated at the time of the guilty plea was submitted.... (CR at 131).

The entirety of the trial court's conclusions of law that might be related to the issue of deficient performance reads as follows:

4

4. The only evidence before the Court concerning the admonition of potential immigration consequences is the boiler plate sentence in the plea papers, and the Defendant's written sworn testimony.

5. Under <u>Padilla</u>, as now applied retroactively, the Defendant was not sufficiently admonished about immigration consequences. (CR at 132) (emphasis in original).

The trial court's findings and conclusions constitute nothing more than a restatement of Reyes's writ claims or a recitation of the evidence that was or was not presented at the writ hearing. The trial court's findings wholly failed to resolve disputed fact issues regarding whether trial counsel rendered deficient performance by failing to properly advise Reyes of the immigration consequences of his guilty plea. Specifically, the trial court failed to make findings as to whether it found Reyes's attestations to be credible, and while the trial court found that Reyes was "not sufficiently admonished," the trial court failed to specifically find that Reyes was not sufficiently advised by *trial counsel* of the immigration consequences of his guilty plea.

The trial court's findings are thus inadequate and incomplete, and this Court should remand the case and direct the trial court to supplement the record with the missing findings and conclusions. *See Ex parte Flores*, No. AP-76,862, 2012 WL 6027333 at *1, 5 (Tex.Crim.App., Dec. 5, 2012) (not yet reported) (rejecting the trial court's findings of fact and conclusions of law where the trial court's findings

5

were largely a recitation of the evidence presented at the writ hearing and did nothing more repeat and restate of the parties' arguments); *Elias*, 339 S.W.3d at 676-77. This is particularly important because the trial court appeared to opine at the writ hearing that he was *not* required to find that counsel performed deficiently in order to grant relief on Reyes's ineffective-assistance claim:

[State]: The other thing that I did just want to point out, Your Honor, is that I do believe that there is a – there's credible proof that he did not obtain an affidavit from the trial attorney, Wendy Ferrell. I've seen situations where the attorney says, I didn't really tell him that. I think that's problematic. Really, what we're doing is doing a little more than just setting aside the conviction. We're saying that Wendy Ferrell was incompetent. I do not believe – you know, I'm concerned in this situation.

[Court]: I'm not sure we are saying that, because I think this was an '05 case. And I think *Padilla* came out – I don't remember when. I'm pretty sure it was way after '05.

I think Ms. Ferrell, when she did it, may well have been perfectly consistent with – their plea was entered in March of –

[State]: If that's the case, that was pre*Padilla*. *Padilla* changed the landscape. If that's the case, this case – *Padilla* does not apply retroactively.... (RR 3 at 30-31).

\* \* \*

[State]: I guess my point is: If you are saying it's retroactive, you're saying that has always been the law, that she was required to have told him that. By not doing so, she was incompetent.

[Court]: Well, I don't share your view as to what that means, I don't think.... (RR 3 at 32).

With respect to the prejudice prong of the *Strickland* standard for ineffective-assistance claims, the trial court concluded that "[t]he Defendant was

6

prejudiced because he would not have plead guilty had he known of the deportation/removal consequences, and because he has plausible defenses to the underlying charge which, if believed by a jury, could result in an acquittal." (CR at 132). But the trial court failed to make specific fact findings that Reyes attested that he would have pleaded not guilty and would have insisted on trial and that the trial court found those attestations to be credible. There are, in fact, no factual findings that support the trial court's conclusion that Reyes would have pled not guilty had he known of the immigration consequences of doing so.

The trial court also failed to make specific findings and conclusions addressing and resolving the State's argument that any decision by Reyes to reject the plea bargain and proceed to trial would not have been objectively rational under the circumstances. (CR at 65-69); (RR 3 at 24-30); *see also Padilla v. Kentucky*, ---U.S.---, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010) (holding that in order to obtain relief on an ineffective-assistance claim, an applicant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances"). The trial court's findings and conclusions are thus inadequate and incomplete in these respects as well.

7

For all the foregoing reasons, this Court should remand the case and direct the trial court to supplement the record with the missing findings of fact and conclusions of law. *See, e.g., Ex parte Flores*, 2012 WL 6027333 at *1, 5; *Elias*, 339 S.W.3d at 676-77.

## PRAYER

WHEREFORE, the State prays that this Court abate the appeal and remand the case to the trial court for supplemental findings of fact and conclusions of law.

Respectfully submitted,

JAIME ESPARZA
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 3769
FAX (915) 533-5520
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the above motion was mailed by certified mail on January 31, 2013, to appellee's attorney: James D. Lucas, 2316 Montana Ave., El Paso, Texas 79903.

LILY STROUD

9

# EXHIBIT C.  COURT OF APPEALS ORDER




COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

EX PARTE: JUAN CARLOS REYES,

Appellant.

§
§
§
§
§
§
§
§

No. 08-12-00261-CR

Appeal from the

County Court at Law No. 7

of El Paso County, Texas

(TC# 20050C17647-CC7-1)

## ORDER

The Court has considered the State's motion to abate the appeal and remand the case to the trial court for supplemental findings of fact and conclusions of law and ORDERS the following:

1.    The State's motion to abate the appeal and remand the case for supplemental findings of fact and conclusions of law is GRANTED.

2.    The appeal is ABATED and the Honorable Thomas A. Spieczny, Judge for County Court at Law No. 7, is directed to enter the missing findings of fact and conclusions of law.

3.    A supplemental clerk's record containing the findings of fact and conclusions of law shall be filed with this Court within 30 days from the date of this order.

IT IS SO ORDERED this 14th day of February, 2013.

PER CURIAM

Before McClure, C.J., Rivera and Rodriguez, JJ.

# EXHIBIT D. SUPPLEMENTAL FINDINGS OF FACT PROVIDED BY THE TRIAL COURT

**IN THE COUNTY COURT AT LAW NUMBER SEVEN**
**EL PASO COUNTY, TEXAS**

EX PARTE                    §
                            §
VS.                         §          NO. 20050C17647 EL PASO COUNTY, TEXAS
                            §
JUAN CARLOS REYES           §

COUNTY CLERK

## SUPPLEMENTAL
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On August 6, 2012, this Court filed Findings of Fact and Conclusions of Law. On January 20, 2013, the State filed a Motion which requested Supplemental Findings of Fact and Conclusions of Law. That Motion was not served on this Court. Having recently learned of the Motion, the Court now supplements its prior Findings and Conclusions.

### SUPPLEMENTAL FINDING OF FACT #1

The Court makes the finding that Juan Carlos Reyes was not advised that a guilty plea would subject him to deportation. This Finding is based upon the affidavit which the Court finds to be completely credible on this issue. It is also based on timing of events set out in the original Finding of Fact #11. Therefore, the Court finds that neither defense counsel, nor the assistant District Attorney, nor the Judge who heard the plea properly admonished the Defendant about deportation.

### SUPPLEMENTAL FINDING OF FACT #2

The Court further finds that the Defendant would absolutely positively NOT have plead guilty if he had been advised that doing so would lead to deportation. This finding is based upon the fact that nobody other than an appellate lawyer straining to concoct an argument could conceivably choose deportation and permanent banishment from the United States rather than face the risk of a misdemeanor prosecution. (See Supplemental Finding #3)

### SUPPLEMENTAL FINDING OF FACT #3

The Court rejects as utterly groundless the State's argument that rejecting the plea bargain and proceeding to trial would not have been objectively rational under the circumstances. The Court takes judicial notice of the following data received from the Office of Court Administration. In 2005 (the year of Juan Carlos Reyes' case) there were 1,684 dispositions of Assault Family Violence cases. There were 603 findings of guilt or guilty pleas and 1,081 findings of not guilty or dismissals. The guilty category included 203 cases of straight probation, 183 cases of deferred adjudication probation and only 217 cases with jail sentences. More than half of those jail sentences were for less than 60 days. This data (which presumably has always

been available to the State) totally undermines the claim that Juan Carlos Reyes had to take the plea to avoid the harsh consequences of proceeding further through the judicial process.

## SUPPLEMENTAL FINDING OF FACT #4

Having already determined that no rational person would voluntarily choose deportation over the "risks" of pleading not guilty, it is almost unnecessary to point out that certainly, a father of United States citizen children would be even less inclined to do so. The two children who testified were attractive, smart, polite and well behaved. It is TOTALLY INCONCEIVABLE that a parent would voluntarily choose to be permanently separated from them rather than to face the "risks" of misdemeanor prosecution.

## SUPPLEMENTAL CONCLUSION OF LAW #1

The Court's original Conclusion of Law #2 concerning the retroactive applicability of Padilla v. Kentucky must now be reconsidered in light of an intervening Supreme Court ruling. In Chaidez v. U.S., 113 S. Ct. 1103 (2013), the Court held that Padilla did not apply retroactively in a federal felony conviction case.

Signed and entered this 29 day of April, 2013.


TOM SPIECZNY, JUDGE


cc: James Lucas
    ADA Shrode

**EXHIBIT E.** **COURT OF APPEALS OPINION AND JUDGMENT**



| | | |
|---|---|---|
| | § | No. 08-12-00261-CR |
| | § | |
| | § | Appeal from the |
| EX PARTE: JUAN CARLOS REYES | § | County Court at Law No. 7 |
| | § | of El Paso, Texas |
| | § | |
| | § | (TC# 20050C17647-CC7-1) |
| | § | |

## **O P I N I O N**

The State of Texas appeals the trial court's order granting Juan Carlos Reyes's application for writ of habeas corpus. In three issues, the State contends the trial court abused its discretion in granting habeas relief based on ineffective assistance of counsel. We reverse and render judgment reinstating Reyes's guilty plea.

### **FACTUAL AND PROCEDURAL BACKGROUND**

Reyes is not a United States citizen.[1] In 2006, he pled guilty to the misdemeanor offense of family violence against his then-wife, Hilda Maldonado. Reyes was convicted and subsequently taken into custody by immigration officials. While in custody, Reyes filed an

---

[1] It is unclear from the record what Reyes's immigration status is. Reyes alleged in his application for writ of habeas corpus that he was not a permanent resident but had legal authorization to remain in the United States. However, in his affidavit in support of his application, Reyes averred he had been a lawful permanent resident since 2001. Reyes's mother testified at one of the hearings on the application that Reyes had been a permanent resident since 2001.

application for writ of habeas corpus seeking to vacate and set aside his conviction on several grounds. Reyes asserted his trial counsel was ineffective for failing to: (1) inform him that his plea would lead to removal; (2) conduct an independent investigation; and (3) advise him on the law of self-defense. Reyes also asserted that his plea was not knowingly and intelligently made and that he was actually innocent. In support of his application, Reyes submitted his affidavit, an affidavit from his cousin, and statements from two of his sons.[2] In his affidavit, Reyes averred to the facts alleged in his application, including the allegation that he would not have accepted the guilty plea if he had known he would be subject to removal from the United States and would have opted for a trial and risked jail time as an alternative to removal.

The trial court held a hearing on the application.[3] The trial court heard the testimony of several character witnesses, each of whom testified Reyes was honest and peaceful. The trial court also heard the testimony of three witnesses who were present during the altercation between Reyes and Maldonado. All three testified that Reyes and Maldonado were arguing, that Maldonado was the aggressor, and that Reyes did not strike Maldonado. Two further testified that Maldonado invited Reyes to strike her, and one of them added that Maldonado slapped and scratched Reyes.

After taking the matter under advisement, the trial court granted Reyes's application. In its order, the trial court stated it was granting relief "[o]n the basis of [its] findings of fact and conclusions of law and the constitutional grounds identified therein[.]" Among the trial court's fourteen findings of fact, three are germane to the issue now before us. They declare:

12. The Defendant now claims that his trial counsel did not advise him of

---

[2] The trial court permitted Reyes to supplement the record with his affidavit.

[3] The hearing was continued twice.

2

immigration consequences and did not advise him that his plea would subject him to removal from the United States . . . .

13. The Defendant did sign plea papers which contain standard 'boiler plate' language which states:

> I further understand that in the event I am not a citizen of the U.S.A., my plea of guilty may result in deportation, exclusion from admission to the U.S.A. or denial of naturalization under federal law.

14. Neither the Defendant nor the State called the Defendant's trial counsel to testify. No affidavit from her was presented. No transcript of anything stated at the time of the guilty plea was submitted. The Court takes judicial notice of the normal practice in El Paso County to not make a record of misdemeanor pleas.

Of the trial court's seven conclusions of law, six are pertinent. They read as follows:

1. The Supreme Court decision of <u>Padilla v. Kentucky</u>, [559 U.S. 356,] 130 S.Ct. 1473[,176 L.Ed.2d 284] (2010) eliminates all ambiguity and holds that a Defendant must be given a full and complete explanation of immigration consequences in order for a plea to be voluntarily entered.

2. Texas Courts apply <u>Padilla</u> retroactively. <u>Ex Parte De Los Reyes</u>, 350 S.W.3rd 723 (Tx. App. – El Paso 2011); <u>Ex Parte Tanklesvskaya</u>[,] 361 S.W.3rd 86 (Tx. App. – Houston 2012); <u>Aguilar v. State</u>, ___ S.W.3rd ___, (Tex. App. 14th District) (July 10, 2012.)[.]

3. Merely stating that a guilty plea 'may' have immigration consequences does not meet the <u>Padilla</u> requirements. Unless the law is ambiguous, a Defendant must be definitely advised of deportation or removal consequences. <u>Aguilar v. State, supra</u>.

4. The only evidence before the Court concerning the admonition of potential immigration consequences is the boiler plate sentence in the plea papers, and the Defendant's written sworn testimony.

5. Under <u>Padilla</u>, as now applied retroactively, the Defendant was not sufficiently admonished about immigration consequences.

6. The Defendant was prejudiced because he would not have plead guilty had he known of the deportation/removal consequences and because he has plausible defenses to the underlying charge which, if believed by a jury, could result in an acquittal.

3

On appeal, the State moved to abate and remand the case to the trial court for supplemental findings of fact and conclusions of law. We granted the State's motion, and the trial court complied. Of the trial court's four supplemental findings, two are relevant. They decry:

> The Court makes the finding that . . . Reyes was not advised that a guilty plea would subject him to deportation. This Finding is based upon the affidavit which the Court finds to be completely credible on this issue.

.          .          .

> The Court further finds that the Defendant would absolutely positively NOT have plead guilty if he had been advised that doing so would lead to deportation.

In its one supplemental conclusion of law, the trial court retreated from one of its original conclusions of law when it resolved:

> The Court's original Conclusion of Law #2 concerning the retroactive applicability of Padilla v. Kentucky must now be reconsidered in light of an intervening Supreme Court ruling. In Chaidez v. U.S., 113 S.Ct. 1103 (2013), the Court held that Padilla did not apply retroactively in a federal felony conviction case.

## INEFFECTIVE ASSISTANCE OF COUNSEL BASED ON RETROACTIVE APPLICATION OF *PADILLA*

In its first issue, the State contends the trial court abused its discretion in granting habeas relief on the basis of *Padilla* because *Padilla* created a new rule that did not apply retroactively to Reyes's case. We agree.

### *Standard of Review*

An applicant seeking post-conviction habeas corpus relief on the basis of an involuntary guilty plea must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex.Crim.App. 2006). An appellate court reviewing a trial court's ruling on a habeas

4

application must view the evidence presented in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion. *Kniatt*, 206 S.W.3d at 664. A trial court abuses its discretion when it rules on the basis of an erroneous legal standard, even if that standard may not have been clearly erroneous when the ruling was made. *See Nicholas v. State*, 56 S.W.3d 760, 764 (Tex.App.--Houston [14th Dist.] 2001, pet. ref'd)("A trial court abuses its discretion when it applies an erroneous legal standard or when no reasonable view of the record supports the trial court's conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion."); *Huie v. DeShazo*, 922 S.W.2d 920, 927-28 (Tex. 1996)(rejecting a party's claim that a trial court could not have abused its discretion in resolving an issue of first impression because an "erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion"); *McGary v. Scott*, 27 F.3d 181, 183 (5th Cir. 1994)(stating that a federal district court abuses its discretion when it relies on an erroneous legal conclusion or clearly erroneous finding of fact to dismiss a second or subsequent federal habeas petition for abuse of the writ).

### *Applicable Law*

A defendant is entitled to effective assistance of counsel when entering a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370-71, 88 L.Ed.2d 203 (1985); *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex.Crim.App. 2010). To prevail on an ineffective assistance of counsel claim, an appellant must meet the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Texas Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim.App. 1986). *See also, Lopez v. State*, 343 S.W.3d 137, 142 (Tex.Crim.App. 2011). Under that test, the appellant must show both that

5

counsel's representation fell below an objective standard of reasonableness and the deficient performance prejudiced the defense. *See Lopez*, 343 S.W.3d at 142. If the appellant fails to show either deficient performance or sufficient prejudice, he cannot succeed in proving ineffectiveness. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2070; *Perez v. State*, 310 S.W.3d 890, 893 (Tex.Crim.App. 2010).

### *Discussion*

Reyes cannot rely on the retroactive application of *Padilla* to prove his trial counsel's performance was constitutionally infirm.

It is evident from the trial court's original and supplemental findings of fact and conclusions of law that the trial court relied on *Padilla* in concluding Reyes's trial counsel rendered ineffective assistance, thereby entitling Reyes to habeas corpus relief. In *Padilla*, the Supreme Court decided counsel had engaged in deficient performance under the first prong of the two-pronged test set out in *Strickland* by failing to advise his client that a guilty plea made him subject to deportation. *Padilla v. Kentucky*, 559 U.S. 356, 377, 130 S.Ct. 1473, 1488, 176 L.Ed.2d 284 (2010). The Supreme Court, however, did not address the question of whether its holding in *Padilla* applied retroactively so as to permit defendants whose convictions were already final at the time it issued its opinion to seek relief on this basis in a collateral proceeding. That question was answered in the negative three years later.

In *Chaidez v. United States*, the Supreme Court held that *Padilla* announced a new rule of criminal procedure and, therefore, it does not apply retroactively. --- U.S. ---, ---, 133 S. Ct. 1103, 1107, 1113, 185 L.Ed.2d 149 (2013). Relying upon the reasoning in *Chaidez*, the Texas Court of Criminal Appeals subsequently held that *Padilla* does not apply retroactively under the Texas

Constitution. *See Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex.Crim.App. 2013)(explicitly declining opportunity to accord retroactive effect to *Padilla* as matter of state habeas law).

Here, Reyes pled guilty in 2006 and did not appeal his conviction. This conviction thus became final before the Supreme Court decided *Padilla*. Because *Padilla* does not apply retroactively, Reyes cannot rely on *Padilla* in this proceeding to argue his trial counsel rendered ineffective assistance for failing to inform him that his plea would lead to removal. *See Chaidez*, --- U.S. at ---, 133 S. Ct. at 1113 ("Under *Teague* [*v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L.Ed.2d 334 (1989)], defendants whose convictions became final prior to *Padilla* therefore cannot benefit from its holding."); *De Los Reyes*, 392 S.W.3d at 679 ("Applicant may not rely on *Padilla* in arguing that he was denied effective assistance of counsel.").

Reyes does not argue *Chaidez* and *De Los Reyes* are not controlling here. Nor does he argue his counsel's failure to inform him of the immigration consequences of his guilty plea constituted ineffective assistance under pre-*Padilla* law. Indeed, Reyes made no such claim in his writ application. Instead, Reyes attacks the alternative arguments raised by the State in its second and third issues. In those issues, the State argues, even if *Padilla* applies retroactively, Reyes has nonetheless failed to establish deficient performance and sufficient prejudice under *Strickland*.

In attacking the State's alternative arguments, Reyes contends the trial court's ruling should be affirmed for two reasons. First, Reyes asserts the State failed to demonstrate how the trial court's original and supplemental findings of fact and conclusions of law do not support granting habeas relief on the other grounds raised by Reyes in his writ application. Second and alternatively, Reyes maintains that, if we conclude the trial court's findings of fact and conclusions of law are insufficient or inadequate to support the trial court's ruling, we should remand the case

back to the trial court to develop the record rather than reverse and reinstate his conviction.

We do not dispute the trial court made additional findings of fact that could ostensibly support Reyes's claims he was actually innocent and he received ineffective assistance because his counsel failed to conduct an independent investigation and inform him of the law of self-defense. However, it is clear from the trial court's original and supplemental conclusions of law that the trial court relied on the retroactive application of *Padilla* to conclude Reyes proved deficient performance under the first prong of *Strickland*.  The trial court neither identified nor relied on any other theory of law to support its ruling, and under pre-*Padilla* law, Reyes's plea would not be rendered involuntary under the United States or Texas Constitutions even if his attorney failed to inform him of the immigration consequences of his plea.  *See State v. Jimenez*, 987 S.W.2d 886, 888-89 (Tex.Crim.App. 1999)(holding habeas applicant not entitled to relief on claim his attorney failed to inform him of immigration consequence of his guilty plea because no such admonition was constitutionally required).  Because *Padilla* does not apply retroactively and pre-*Padilla* law does not require admonishments of immigration consequences, Reyes has failed to establish his trial counsel rendered deficient performance under *Strickland*.  By failing to so establish, Reyes has not proved his counsel's performance was constitutionally infirm.  Accordingly, we conclude the trial court abused its discretion in granting Reyes habeas corpus relief on his claim that counsel did not adequately inform him of the immigration consequences of his plea.

The State's first issue is sustained.[4]

## CONCLUSION

The trial court's order granting relief is reversed, and Reyes's guilty plea is reinstated.[5]

---

[4] Given our disposition of the appeal based on the State's first issue, we need not address the State's second and third issues.  *See* TEX.R.APP.P. 47.1.

8

June 30, 2014

/s/ Yvonne T. Rodriguez
YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

---

[5] We decline Reyes's invitation to remand the case to the trial court to allow him to further develop the record. An appellate court may remand a habeas proceeding to the trial court for further proceedings if the factual record has not been sufficiently developed. *See Ex parte Cherry*, 232 S.W.3d 305, 308 (Tex.App.--Beaumont 2007, pet. ref'd). Additionally, an appellate court may remand where the record is not sufficiently developed regarding alleged prejudice. *See Aguilar v. State*, 375 S.W.3d 518, 526 (Tex.App.--Houston [14th Dist.] 2012), *rev'd on other grounds*, 393 S.W.3d 787 (Tex.Crim.App. 2013). Here, Reyes was given a meaningful opportunity at two hearings to develop an evidentiary record to support his claim of ineffective assistance of counsel. There is nothing that indicates the trial court unduly restricted Reyes's ability to develop relevant evidence addressing the issues in dispute. *Compare Ex parte Hernandez*, 398 S.W.3d 369, 375 (Tex.App.--Beaumont 2013, no pet.)(remand appropriate to develop record because trial court unduly restricted the development of the record by confining evidence to the prior plea proceedings in face of counsel's efforts to offer other clearly relevant evidence).

9



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |
|---|---|
| § | No. 08-12-00261-CR |
| § | Appeal from the |
| § | County Court at Law No. 7 |
| EX PARTE: JUAN CARLOS REYES § | |
| § | of El Paso, Texas |
| § | (TC# 20050C17647-CC7-1) |
| § | |

## **J U D G M E N T**

The Court has considered this cause on the record and concludes there was error in the judgment. We therefore reverse the judgment of the court below, and render judgment reinstating Appellant's guilty plea, in accordance with the opinion of the Court. This decision shall be certified below for observance.

IT IS SO ORDERED THIS 30TH DAY OF JUNE, 2014.

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.